### In the Interest of G.R.M., F.A.M., and N.D.M.

### No. 2-00-364-CV.

Court of Appeals of Texas, Fort Worth.

April 27, 2001.

---

Law Firm of G. David Heiman, David Heiman, Lewisville, for Appellant.

Hayes, Coffey & Berry, P.C., Dan C. Coffey, Kammy Timmons, John D. White, Denton, for Appellee.

PANEL B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

HOLMAN, J.

### I. Introduction

In this appeal, we must determine whether the 393rd District Court of Denton County had subject matter jurisdiction to modify the final order of the 158th District Court of Denton County in a suit affecting the parent-child relationship. Because the cause was properly transferred to the 393rd District Court as part of a docket equalization order permitted by the Texas Government Code, we affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 25, 1998, the 158th District Court of Denton County entered a final decree of divorce between Appellant Sam J.M. and Appellee Leticia H. A. As part of that decree, the trial court appointed both parties as joint managing conservators of the children, G.R.M., F.A.M., and N.D.M., and ordered Appellant to pay child support.

Appellant subsequently filed a petition in the 158th District Court seeking to modify the custody and support order. Appellee answered by general denial, which she later amended to include a counter-petition for an increase in child support.

Effective January 1, 2000, the 393rd District Court of Denton County was created by Act of the 76th Texas Legislature in response to a caseload in Denton County exceeding the statewide average.[1] Act of May 21, 1999, 76th Leg., R.S., ch. 1337, § 7, 1999 Tex. Gen. Laws 4547, 4548 (adding section 24.538 of the Texas Government Code). According to section 24.538(b) of the Texas Government Code, the 393rd District Court "shall give preference to family law matters." TEX. GOV'T CODE ANN. § 24.538(b) (Vernon Supp. 2001).

On January 4, 2000, Judge Vick, presiding judge of the 158th District Court, transferred the cause by order on the court's own motion to the 393rd District Court of Denton County, Judge Vicki Isaacks presiding, for purposes of docket equalization. See TEX. GOV'T CODE ANN. §§ 24.303—.950 (Vernon 1988). On August 9, 2000, following a non-jury trial, the 393rd District Court denied Appellant's petition to modify and granted Appellee's counter-petition. Appellant appeals from this order, which was signed by Judge Isaacks of the 393rd District Court.

## III. DISCUSSION

### A. Issue on Appeal

In one issue on appeal, Appellant contends that Judge Isaacks of the 393rd District Court did not have subject matter jurisdiction to enter the August 9, 2000 order modifying the parent-child relationship because the 158th District Court retained its status as the court of continuing exclusive jurisdiction under chapter 155 of the Texas Family Code. TEX. FAM. CODE ANN. § 155.001(a) (Vernon Supp. 2001).

Appellee contends that Judge Vick's transfer order in this case was an authorized docket equalization pursuant to section 24.950 of the government code, which is a legislative addition that preempts chapter 155 of the family code. TEX. GOV'T CODE ANN. § 24.950 (Vernon Supp. 2001).

### B. Applicable law

#### 1. Continuing, Exclusive Jurisdiction

Continuing, exclusive jurisdiction is acquired by a court when it renders the "final order" in an original suit affecting a parent-child relationship.[2] TEX. FAM. CODE ANN. § 155.001(a); *Moore v. Brown,* 993 S.W.2d 871, 873 (Tex.App.—Fort Worth 1999, pet. denied). Once a court has acquired continuing, exclusive jurisdiction with respect to a particular suit affecting the parent-child relationship, no other court has jurisdiction over the suit unless jurisdiction has been transferred pursuant

---

1. *See* HOUSE COMMITTEE ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 400, 76th Leg., R.S. (1999).

2. The final decree of divorce rendered by the 158th District Court was a final order for purposes of section 155.001(a), giving that court continuing, exclusive jurisdiction over the matters in the decree affecting the children of that marriage.

to the exclusive transfer provisions of the family code or an emergency exists. TEX. FAM. CODE ANN. §§ 155.001(c), 155.201–.207 (transfer provisions), 262.002 (jurisdiction for emergency proceedings) (Vernon 1996 & Supp. 2001); *In re Garza,* 981 S.W.2d 438, 440 (Tex.App.—San Antonio 1998, no pet.).

### *2. Docket Equalization*

Section 24.950 of the government code provides:

#### § 24.950. Equalization of Dockets

The judges of the district courts may equalize their dockets in all counties in which there are two or more district courts. The judge of a district court, on motion of a party, on agreement of the parties, or on the judge's own motion, may transfer a cause or proceeding on the judge's docket to the docket of one of the other district courts.

TEX. GOV'T CODE ANN. § 24.950.

### *3. Kirby v. Chapman*

In *Kirby v. Chapman,* we previously recognized that the legislature intended that the transfer procedures provided by the family code be the only mechanisms for the proper transfer of suits affecting the parent-child relationship. 917 S.W.2d 902, 907 (Tex.App.—Fort Worth 1996, no pet.). More specifically, we held in *Kirby* that the exclusive transfer provisions in the family code for suits affecting the parent-child relationship negate the ability to transfer such cases freely between courts in the same county under section 24.303(a) of the government code. *Id.* (citing *Johnson v. Pettigrew,* 786 S.W.2d 45, 47–48 (Tex.App.—Dallas 1990, no writ)). The language in the transfer provision in section 24.303(a) of the government code is very similar to section 24.950, which we have before us today. Section 24.303(a) provides:

### § 24.303. Transfer of Cases; Exchange of Benches

(a) In any county in which there are two or more district courts, the judges of those courts may, in their discretion, either in termtime or vacation, on motion of any party or on agreement of the parties, or on their own motion, transfer any civil or criminal case or proceeding on their dockets to the docket of one of those other district courts. The judges of those courts may, in their discretion, exchange benches or districts from time to time.

TEX. GOV'T CODE ANN. § 24.303(a) (Vernon 1988).

Appellant relies entirely upon *Kirby* and the cases cited therein to support his argument that the 158th District Court was not authorized to transfer his cause to the 393rd District Court on its own motion and that the 158th District court retained its status as the court of continuing, exclusive jurisdiction over his suit affecting the parent-child relationship. However, our decision in *Kirby* is distinguishable and is not controlling here.

In *Kirby,* an original divorce decree was entered in the 231st District Court of Tarrant County, which included an order modifying the parent-child relationship. 917 S.W.2d at 905–06. A subsequent motion seeking possessory conservatorship by intervenors was filed in the 231st District Court. *Id.* An order on this motion in intervention was signed by the judge of the 325th District Court of Tarrant County. *Id.* On appeal from this order, we held that, despite a docket entry stating that the case was "transferred/assigned" to the 325th District Court by agreement of the parties and judges, the modification entered by the 325th District Court was a void order as a matter of law because the cause was never properly transferred to the 325th as provided by the exclusive

transfer provisions of the family code. *Id.* at 907. Citing the Dallas Court of Appeals' decision in *Johnson v. Pettigrew*,[3] we held that the legislature intended the transfer procedures provided by the family code to be the only mechanisms for the proper transfer of suits affecting the parent-child relationship and that the exclusive transfer provisions provided in the family code negate the ability to transfer cases freely between courts in the same county under section 24.303(a) of the government code. *Id.*

In light of the exclusive nature of the transfer provisions of the family code, we further held in *Kirby* that the requirements of the discretionary transfer provision of section 155.202 of the family code were not complied with.[4] 917 S.W.2d at 907. Citing the Texas Supreme Court's decision in *Alexander v. Russell*, we held that, absent (1) a motion from a party to the suit and (2) an order of transfer to the 325th District Court, the 231st District Court retained continuing, exclusive jurisdiction. *Id.* (citing 699 S.W.2d 209, 210 (Tex.1985)).

In *Alexander*, the supreme court addressed a similar set of facts in which a trial judge in the 243rd District Court in El Paso County entered a final judgment of divorce, but disqualified himself from hearing a motion to modify the child custody portion of that order. 699 S.W.2d at 209. The judge then transferred the cause to the 327th Family District Court on his own motion pursuant to the predecessor statute to section 24.303(b).[5] *Id.* at 209. The 327th District Court subsequently granted a petition to terminate the parent-child relationship between the father and child. *Id.* In addressing a challenge to the subject matter jurisdiction of the 327th District Court to enter a judgment on the cause, the supreme court struck down the transfer holding that the 243rd District Court did not have authority to transfer the cause because it was not for a reason authorized for transfer under the predecessor statute to section 155.202 of the family code.[6] *Id.* at 210. Specifically, the court held that the predecessor statute to section 155.202 required (1) a motion by any party to the suit and (2) an order of transfer, and that absent strict compliance with this transfer provision, the 243rd District Court retained continuing, exclusive jurisdiction. *Id.* The supreme court stated, "[i]f the judge of the 243rd District Court found it necessary to recuse himself, the proper procedure was to have another district judge preside in the 243rd District Court; not to transfer the cause." *Id.*

The Dallas Court of Appeals in *Johnson v. Pettigrew* also faced a similar set of circumstances in which a suit to establish paternity and obtain child support was filed in the 59th District Court of Grayson County. 786 S.W.2d at 45. After establishing continuing, exclusive jurisdiction over the parent-child relationship by entering a default judgment against the father,

---

3. 786 S.W.2d at 47–48.

4. Section 155.202(b) of the family code provides that "[f]or the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of a party, may transfer the proceeding to a proper court in another county in the state." Tex. Fam.Code Ann. § 155.202(b) (Vernon 1988).

5. Previously codified as Tex.Rev.Civ. Stat. Ann. art. 199a, § 2.002(b) (*see* Act of September 8,

1969, 61st Leg., 2nd C.S., ch. 23, § 2.002(b), 1969 Tex. Gen. Laws 150, 151 (current version at Tex. Gov't Code Ann. § 24.303(b)).

6. Previously codified as Tex. Fam. Code Ann. § 11.06(d) (Vernon 1986) (*see* Act of May 24, 1973, 63rd Leg., R.S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, 1414 (*amended* 1975, 1979, 1981, 1985) (current version at Tex. Fam. Code Ann. § 155.202)).

the 59th District Court transferred the cause on its own motion to the 15th District Court of Grayson County pursuant to its discretionary transfer powers under section 24.303(a) of the government code. *Id.* at 45–46 n. 3. The 15th District Court subsequently entered an order holding the father in contempt for failure to pay child support and modifying the prior order of the 59th District Court. *Id.* at 46. On appeal, the Dallas Court of Appeals rejected the argument that section 24.303(a) allowed district courts of the same county to freely transfer cases between themselves. *Id.* at 47–48. The court observed as follows:

> Logic dictates [that district courts should be able to transfer cases freely within a county under section 24.303(a) of the government code] to be a reasonable proposition. Certainly, the ability to transfer cases between courts in the same county is a very necessary tool in the orderly administration of justice. However, it has long been held that the transfer procedures in the Family Code governing suits affecting the parent-child relationship are the exclusive mechanism for transferring the case.

*Id.* The *Johnson* court then stated that it was bound to follow the clear directive established by the supreme court in *Alexander*, and held that the transfer provisions in the predecessor to section 155.202 of the family code are the exclusive mechanism for a court of continuing, exclusive jurisdiction to transfer a case, and that absent (1) a motion by any party to the suit and (2) an order of transfer, the 59th District Court retained exclusive jurisdiction. *Id.*

While it is apparent that *Kirby, Johnson,* and *Alexander* have firmly established that the transfer provisions of chapter 155 of the family code take priority over the district courts' discretionary transfer power under 24.303(a) and (b) in the government code, we do not believe that the same result is justified where the district court exercises its discretionary transfer power under section 24.950 of the government code for purposes of docket equalization.

## C. Application

 Applying the rules of statutory construction and looking to the legislative intent and purpose behind both section 24.950 of the government code and chapter 155 of the family code, we conclude that a district court of continuing, exclusive jurisdiction is authorized to transfer causes on its own motion for purposes of docket equalization under section 24.950 of the government code notwithstanding the otherwise exclusive transfer provisions in chapter 155 of the family code.

### 1. Statutory Construction

The provisions before us are irreconcilable. While chapter 155 of the family code provides exclusive transfer mechanisms for courts of continuing, exclusive jurisdiction, section 24.950 of the government code provides a mechanism for all district courts to maintain equal judicial burdens by equalizing their dockets, and neither provision addresses the other. In a situation where two statutes irreconcilably conflict, the statute last enacted prevails. TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 1998).

Here, section 24.950 was enacted much later than the exclusive transfer provisions of the family code. Former sections 11.05(a) and 11.06 of the family code, the provisions in the family code first expressly providing for exclusive transfer mechanisms for courts of continuing jurisdiction, were enacted in 1973.[7] Section 24.950 of

---

7. Act of May 24, 1973, 63rd Leg., R.S., ch. 543, § 1, 1973 Tex. Gen. Laws 1411, 1414.

the government code was not enacted until 1985.[8]

Consequently, under the Code Construction Act, because section 24.950 of the government code was enacted last, it prevails over the transfer provisions in chapter 155 of the family code. *See, e.g., State ex rel. Curry v. Gilfeather,* 937 S.W.2d 46, 51 (Tex.App.—Fort Worth 1996, no pet.) (noting irreconcilability between sections 74.121 and 25.0012 of the government code and holding section 74.121 prevailed because enacted later in time).

## 2. Legislative Intent

■■■ An analysis of the legislative intent behind these irreconcilable provisions further supports our conclusion that section 24.950 prevails. In construing a statute, our primary aim is to give effect to the legislature's intent. *Osterberg v. Peca,* 12 S.W.3d 31, 38 (Tex.), *cert. denied,* 530 U.S. 1244, 120 S.Ct. 2690, 147 L.Ed.2d 962 (2000). Our construction of the provisions must be consistent with their underlying purpose and the policies they promote. *N.W. Nat'l County Mut. Ins. Co. v. Rodriguez,* 18 S.W.3d 718, 721 (Tex.App.—San Antonio 2000, pet. denied). In interpreting these provisions, we must look to the entire acts in which they are situated and not a single section in isolation. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 866 (Tex.1999).

Initially, we note that the plain language of section 24.950 does not contain any limiting language regarding the authority of a district judge to transfer cases of which it has continuing, exclusive jurisdiction to another district court in the same county.

We find further support for our conclusion by considering section 24.950 in the context of its subchapter in the government code regarding reapportionment of judicial district courts. Section 24.950 was originally enacted in 1985 as a part of the Judicial Reapportionment Act.[9] The policy and legislative intent evidenced by the Judicial Reapportionment Act favors our conclusion that section 24.950 preempts chapter 155 of the family code. In the 1985 Act, the legislature declared the following policy:

It is the policy of the state that the administration of justice shall be prompt and efficient and that, for this purpose, the judicial districts *of the state* shall be reapportioned as provided by this subchapter so that the district courts of various districts have judicial burdens that are as nearly equal as possible.[10]

This policy currently remains in section 24.941 of the government code. TEX. GOV'T CODE ANN. § 24.941. By its language, the application of section 24.950 is not limited to those judicial districts that were reapportioned under the Act, and this permits a reasonable inference that the legislature intended this overriding policy of maintaining equal judicial burdens to apply equally to all districts, including those that were not reapportioned under the Act. *Compare id.* (failing to limit policy of equalizing judicial burdens to those districts reapportioned under the Reapportionment Act) *with id.* § 24.301 (stating expressly that the Judicial Districts Act applies only to those judicial districts listed in that subchapter).

It is also noteworthy that, in the Judicial Reapportionment Act, the legislature ex-

---

**8.** Act of May 23, 1985, 69th Leg., R.S., ch. 797, § 10, 1985 Tex. Gen. Laws 2830, 2832.

**9.** Act of May 23, 1985, 69th Leg., R.S., ch. 797, § 10, 1985 Tex. Gen. Laws 2830, 2832, *amended by* Act of April 30, 1987, 70th Leg .,

R.S., ch. 148, § 2.19(a), 1987 Tex. Gen. Laws 534, 546, 548 (current version at TEX. GOV'T CODE ANN. §§ 24.941—.961 (Vernon 1988))

**10.** *See supra* note 9 (emphasis added).

pressly required the Judicial Districts Board to make certain considerations including, but not limited to, the number and type of cases, as well as the number of districts in a given county. *Id.* § 24.945. Notwithstanding the legislature's express provision of these reapportionment guidelines to the Judicial Districts Board, the legislature did *not* restrict the Board's authority to reapportion districts that exercised continuing, exclusive jurisdiction over family law cases. *Id.*

The foregoing observations also provide a basis for our conclusion that the prior decisions in *Alexander, Kirby,* and *Johnson* are not controlling here. The legislative intent to authorize intra-county transfers without regard to chapter 155 of the family code is much more apparent in the Judicial Reapportionment Act than under the Judicial Districts Act of 1969, the act under which section 24.303(a) was enacted. There are substantive differences between the Judicial Districts Act of 1969 and the Judicial Reapportionment Act. First, section 24.950 was not enacted until after the Texas Supreme Court's decision in *Alexander.*[11] Accordingly, its application could not be considered by the supreme court at that time. Second, the Judicial Districts Act of 1969 is limited in application to districts created under that act or added by amendment, unlike the Judicial Reapportionment Act, which applies to all district courts. *See* Tex. Gov't Code Ann. § 24.301. Finally, unlike the Judicial Districts Act, the legislature provided a clear declaration of policy when it codified the Judicial Reapportionment Act and created instances in which the Judicial Reapportionment Act would require transfer of a case as a matter of law, irrespective of the

application of chapter 155 of the family code. *Id.* § 24.949.

Finally, we look at section 24.538 of the government code and the Legislature's intent behind creating a new family law court in Denton County. Tex. Gov't Code Ann. § 24.538. As shown above, the legislature's purpose in creating the 393rd District Court in Denton County was clearly to relieve other Denton County district courts of their overcrowded dockets by establishing a family law court to which the overburdened courts could transfer their family law matters.[12] It would lead to an absurd result if we interpreted the legislature's intent for that court only to allow new filings, especially when it was created in response to overcrowded dockets in Denton County. *See Del Indus., Inc. v. Tex. Workers' Comp. Ins. Fund,* 973 S.W.2d 743, 747–48 (Tex.App.—Austin 1998) (holding court will not construe a statute in a manner that will lead to a foolish or absurd result when another alternative is available), *aff'd,* 35 S.W.3d 591 (Tex.2000).

## IV. CONCLUSION

For all of the foregoing reasons, we hold that chapter 155 of the family code does not prohibit a district court of continuing, exclusive jurisdiction from transferring, on its own motion, a case to another district court in the same county for purposes of docket equalization under section 24.950 of the government code. Accordingly, the 393rd District Court acquired the status of a court of continuing, exclusive jurisdiction over matters affecting the parent-child relationship in Appellant's suit. We overrule Appellant's issue.

---

**11.** *See supra* note 9.

**12.** *See* House Committee on Judicial Affairs, Bill Analysis, Tex. H.B. 400, 76th Leg., R.S. (1999).

Having overruled Appellant's issue, we affirm the trial court's order.