**In re D'Ann Lesli WHEELER, Relator.**

No. 01–04–01129–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 7, 2005.

Anne Marie Cofer, Bryan, for Appellant.

Charlotte Dawn Rainwater, Houston, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Relator, D'Ann Lesli Wheeler, has filed a petition for writ of mandamus complaining about the trial court's[1] order denying her motion to transfer venue. We conditionally grant the petition for writ of mandamus.

## Background

In 1997, the trial court entered a final decree of divorce between relator and the real party in interest, John Ingraham Wheeler III. Pursuant to the decree, relator and the real party in interest became the joint managing conservators of their two children, L.E.W. and L.L.W. The decree also gave relator the exclusive right to determine the residence of the children, but restricted relator's choice to either Brazos or Harris County.

On March 25, 2004, the real party in interest filed a petition to modify matters affecting the parent-child relationship. Relator filed a general denial and also filed a counter-petition to modify matters affecting the parent-child relationship, asking the trial court to remove the domicile restriction. Attached to her motion to modify was a motion to transfer venue, which requested that venue be transferred from Harris County to Brazos County because L.L.W. lives in Brazos County.

On October 27, 2004, the trial court held a hearing on the motion to transfer venue. The court held that it had continuing jurisdiction over the case and that relator had previously ratified the court's jurisdiction. The trial court denied the motion to transfer venue as to both children.

1. The Honorable Georgia Dempster, judge of the 308th District Court of Harris County, Texas. The underlying lawsuit is *Wheeler v.*

Here, relator seeks relief only in regard to L.L.W. Pursuant to section 155.201 of the Texas Family Code, relator argues that the trial court had a mandatory duty to transfer venue to Brazos County because L.L.W. has lived in Brazos County for the past seven years. *See* TEX. FAM. CODE ANN. § 155.201 (Vernon 2002). On November 12, 2004, we stayed all proceedings in the trial court, pending our review of this original proceeding.

## Analysis

Transferring a case to a county where the child has resided for more than six months is a mandatory ministerial duty under section 155.201 of the Texas Family Code. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *Bollard v. Berchelmann*, 921 S.W.2d 861, 863 (Tex.App.-San Antonio 1996, no writ); *see* TEX. FAM.CODE ANN. § 155.201. An order transferring or refusing to transfer the proceeding is not subject to interlocutory appeal. TEX. FAM. CODE ANN. § 155.204(e) (Vernon 2002). Therefore, mandamus is available to compel mandatory transfer in a suit affecting the parent-child relationship. *Proffer*, 734 S.W.2d at 672–73; *In re Sanchez*, 1 S.W.3d 912, 914 (Tex.App.-Waco 1999, orig. proceeding).

When a court renders a final divorce decree, it acquires continuing, exclusive jurisdiction over the matters in the decree affecting a child of the marriage. TEX. FAM.CODE ANN. § 155.001(a) (Vernon 2002); *In re G.R.M.*, 45 S.W.3d 764, 766 (Tex. App.-Fort Worth 2001, orig. proceeding). The court retains continuing, exclusive jurisdiction over the child unless jurisdiction has been transferred under sections 155.201 to 155.207 of the Texas Family Code or an emergency exists. *See* TEX.

*Wheeler*, No. 97–42617 (308th Dist. Ct., Harris County, Texas).

Fam.Code Ann. §§ 155.001(c), 155.002, 155.201–.207 (Vernon 2002); *In re G.R.M.*, 45 S.W.3d at 766–67. Section 155.201 provides in pertinent part:

> (b) If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex. Fam.Code Ann. § 155.201(b).

■ No one disputes that the trial court has continuing, exclusive jurisdiction over the case. The parties primarily dispute whether the trial court was required to transfer venue to Brazos County, where one child has been living for the past seven years, while another child has been living in Harris County for the past eight months.

In *In re T.J.L.*, the Fourteenth Court of Appeals had an opportunity to address the same issue with which we are now presented. 97 S.W.3d 257 (Tex.App.-Houston [14th Dist.] 2002, orig. proceeding). The court of appeals noted, "The statute is not as clear as it could be on whether transfer as to one child is required when not all children of a marriage live in the county to which transfer is sought." *Id.* at 264. The court of appeals concluded, after construing the purpose of the statute, that the Legislature intended for the trial court to determine continuing, exclusive jurisdiction on a child-by-child basis. *Id.* It reached this conclusion because the statute consistently refers to jurisdiction over the "child," in the singular. *Id.*

The court of appeals also recognized that "the Legislature wanted matters affecting the parent-child relationship to be heard in the county where the child resides." *Id.* (citing *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex.1978) ("[V]enue pro-

vision was enacted for the reason that current circumstances affecting the child may usually be best shown in the county where the child resides.")). In addition, another section in the statute recognizes that the trial court can transfer venue for some, but not all, children to another court. *See* Tex. Fam.Code Ann. § 155.207(b) (Vernon 2002) ("If the transferring court retains jurisdiction of another child who was the subject of the suit, the clerk shall send a copy of the complete files to the court to which the transfer is made and shall keep the original files.").

Thus, the court of appeals concluded, "[W]e construe the statute as requiring a court to transfer the proceedings affecting a child to the county where the child resides, even if it retains jurisdiction over another child of the marriage who does not live in the transferee county." *In re T.J.L.*, 97 S.W.3d at 264. The Waco Court of Appeals has held similarly. *See Koether v. Morgan*, 787 S.W.2d 582, 585 (Tex.App.-Waco 1990, orig. proceeding) ("The statute does not require that all the children who have been subject to a court of continuing, exclusive jurisdiction in a particular case must live in the county to which a transfer is being sought.").

■ The real party in interest cites *In re T.J.L.*, but does not distinguish its holding. After reviewing the statute, we agree with the Fourteenth Court of Appeals and conclude that a trial court has no discretion but to transfer venue as to one child if the child has been living in another county for at least six months prior to the proceedings and a controverting affidavit has not been filed in regard to that child.

Here, on June 8, 2004, relator filed a motion to transfer venue to Brazos County as to both of her children, even though L.E.W. had started to live with her father on February 1, 2004. Relator alleged that

both children had been living with her since September 15, 1997. The real party in interest filed an answer and a controverting affidavit, but contested only the current residence of L.E.W. There was no disagreement regarding the residence of L.L.W.

Because the real party in interest filed no controverting affidavit regarding the residence of L.L.W., the trial court had a ministerial duty to sever and to transfer all proceedings pertaining to L.L.W. to Brazos County. *See T.J.L.*, 97 S.W.3d at 265. Thus, the trial court's denial of relator's motion to transfer venue was an abuse of discretion.[2]

 The real party in interest also argues that the trial court could deny relator's motion to transfer venue because it was untimely. The trial court stated, "the Motion to Transfer is not timely and we are going to go forward."

 Section 155.201 provides that, "if a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall transfer the proceedings to another county . . . ." TEX. FAM.CODE ANN. § 155.201. Section 155.204 provides, "Except as provided by Section 262.203, a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed." TEX. FAM.CODE ANN. § 155.204 (Vernon 2002). Here, relator filed her motion to transfer venue contemporaneously with her counter-petition to modify matters affecting the parent-child relationship. By filing a motion to modify, relator is classified as a petitioner. *See In re Simonek*, 3 S.W.3d 285, 288 (Tex.App.-

Waco 1999, orig. proceeding). Thus, relator's motion to transfer venue was timely filed if it was made at the time that her initial pleadings in her suit to modify were filed. *Id.;* TEX. FAM.CODE ANN. § 155.204. Initial pleadings refers to the first pleadings filed by that petitioner. *In re Simonek*, 3 S.W.3d at 288. Here, relator's first pleadings in regard to modifying the parent-child relationship were her motion to modify and her motion to transfer venue. Because she filed her motion to transfer venue at the time that she filed her initial pleadings, relator's motion to transfer venue was timely.

 The real party in interest also argues that relator is not entitled to mandamus relief because the record does not contain a signed order from the trial court. We disagree. If a court's order is adequately reflected in the reporter's record, a formal written order is not essential to obtaining mandamus relief. *In re Vernor*, 94 S.W.3d 201, 206 n. 8 (Tex.App.-Austin 2002, orig. proceeding); *see also* TEX. R.APP. P. 52.3(j)(1)(A). Because the record affirmatively reflects that the trial court denied the motion to transfer as to both children, a formal written order is not necessary.

### Conclusion

We conditionally grant the petition for writ of mandamus. The writ will issue only if the trial court does not sever and transfer all proceedings pertaining to L.L.W. to Brazos County.

---

2. The real party in interest argues that relator's request to transfer venue is only an attempt to forum shop. Although forum shopping is possible here, the statute alleviates this possibility because the transferee court acquires the power to enforce previous orders entered by the transferor court. TEX. FAM. CODE ANN. § 155.206(c), (d) (Vernon 2002).