**In re Rachel LEDER, Relator.**

**No. 01–07–00453–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 6, 2007.

Susan Pilar Grantham, Jeffrey D. Kyle, Oaks, Hartline & Daly, LLP, Pearland, TX, Dominick D. De Rose, Houston, TX, for Relator.

Renee Fagan Kennedy, Friendswood, TX, Keith A. Gross, Pearland, TX, for Real Party in Interest.

Panel consists of Justices TAFT, KEYES, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

Relator, Rachel Leder ("Rachel"), has filed a petition for writ of mandamus complaining of Judge James Blackstock's order [1] denying her request to transfer a suit affecting the parent-child relationship ("SAPCR") from Brazoria County to Harris County. Because it was an abuse of discretion to deny the motion to transfer, we hold that Rachel is entitled to mandamus relief.

## Background

In 2000, Rachel and real party in interest, Gregory Leder ("Gregory"), were divorced in Brazoria County district court. Pursuant to the divorce decree, Rachel and Gregory became the joint managing conservators of their two children, C.L. and T.L. The decree gave Rachel the right to establish the primary residence of the children. Sometime after the divorce, Rachel and the two children moved to Harris County.

On March 22, 2007, Gregory filed a petition to modify matters affecting the parent-child relationship. Gregory filed the motion in Brazoria County district court. Gregory sought to modify custody with respect to T.L. only. Specifically, Gregory requested that "[T.L.] be allowed to return

---

1. The Hon. Randall Hufstetler is the elected judge of the 300th Judicial District Court of Brazoria County. The Hon. James Blackstock, sitting as visiting judge, signed the complained of order in the underlying suit, *In the Interest of Ciara Jade Leder and Tarah Elise Leder, children*, No. 9091 (300th Dist. Ct., Brazoria County, Tex.).

with [Gregory] to Louisiana and enroll in school there." Gregory requested that he be named T.L.'s sole managing conservator, or alternatively, that he be named the joint managing conservator with the right to designate T.L.'s primary residence.

On the same day, the trial court signed a "Temporary Restraining Order and Order Setting Hearing for Temporary Orders," in which it ordered T.L. to return with Gregory to Louisiana pending further hearing. On March 26, 2007, Rachel filed a general denial, a counter-petition, and a motion to transfer venue. In the motion to transfer, Rachel requested that venue be transferred from Brazoria County to Harris County. Rachel alleged that T.L. had resided in Harris County for at least six months. She also filed a "Motion to Vacate Ex Parte Temporary Orders, and in the Alternative an Emergency Hearing and Request for Sanctions." In addition, Rachel filed a certificate of written discovery indicating that she had served Gregory with her request for production, interrogatories, and request for disclosure. On March 30, 2007, Rachel filed another motion for sanctions and a notice of hearing regarding the motion to transfer and the request for sanctions.

On April 26, 2007, Gregory's attorney filed an affidavit to controvert the motion to transfer. In the affidavit, Gregory's attorney averred that Rachel "has appeared or will appear in a hearing on a Motion to Vacate, Temporary Orders or other hearing before a hearing on the Motion to Transfer and therefore has waived jurisdiction."

At a hearing on May 10, 2007, the trial court denied the motion to transfer and held that Rachel had waived venue by invoking the jurisdiction of the court. On May 29, 2007, the court signed an order denying the motion to transfer, which Ra-

chel challenges in this mandamus proceeding.

## Standard of Review

An erroneous denial of a mandatory venue transfer is subject to mandamus relief without a showing of inadequate remedy by appeal. *In re Tex. Ass'n of Sch. Bds., Inc.*, 169 S.W.3d 653, 656 (Tex. 2005); *see* TEX. FAM.CODE ANN. § 155.204(h) (Vernon Supp.2006) (providing that denial of mandatory transfer is not subject to interlocutory appeal). Mandamus relief is available only to correct a "clear abuse of discretion" when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding)). Mandamus will issue when there is a legal duty to perform a nondiscretionary act, a demand for performance, and a refusal. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 96 (Tex.1992) (orig.proceeding).

## Analysis

The duty to transfer a SAPCR pursuant to Family Code section 155.201(b) is a mandatory, ministerial duty. *Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *In re Wheeler*, 177 S.W.3d 350, 352 (Tex.App.-Houston [1st Dist.] 2005, orig. proceeding). Section 155.201(b) provides, in pertinent part,

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the

child has resided in the other county for six months or longer.

Tex. Fam.Code Ann. § 155.201(b) (Vernon Supp.2006). Here, no one disputes that the trial court has continuing, exclusive jurisdiction over the case. *See* Tex. Fam. Code Ann. § 155.001(a) (Vernon 2002). The mandamus record shows that Rachel timely filed the motion to transfer venue, *see* Tex. Fam.Code Ann. § 155.204, and it is undisputed that T.L. had lived in Harris County longer than six months at the time Gregory filed the SAPCR. Accordingly, the requirements of section 155.201(b) have been satisfied.

■ Nonetheless, Gregory contends, and the trial court concluded, that Rachel waived venue by invoking the trial court's judicial power. More particularly, Gregory claims that Rachel acted inconsistently with her desire to change venue when she filed a counter-claim, a jury demand, a motion to vacate the ex parte temporary orders, two motions for sanctions, and a certificate of written discovery before obtaining a ruling on her motion for transfer. In so doing, Gregory relies on the legal precept that a party may impliedly waive venue by taking some action inconsistent with an intent to pursue the venue motion, thereby invoking the judicial power of the court. *See Grozier v. L–B Sprinkler &*

*Plumbing Repair,* 744 S.W.2d 306, 309–10 (Tex.App.-Fort Worth 1988, writ denied).

In reviewing the waiver issue, we are cognizant that the Family Code's transfer procedures are the exclusive mechanisms for challenging venue and for transferring the case in a SAPCR.[2] *See Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex.1983); *see also In re G.R.M.,* 45 S.W.3d 764, 767 (Tex.App.-Fort Worth 2001, no pet.). A review of the pertinent Family Code sections reveals that a party seeking a transfer does not waive venue by requesting affirmative relief in the trial court before obtaining a ruling on the motion to transfer venue. Specifically, Family Code section 155.204(b) provides, in part, that a motion to transfer is timely if filed by a petitioner when she files her initial pleadings in a SAPCR.[3] Tex. Fam.Code Ann. § 155.204(b) (Vernon Supp.2006). In other words, section 155.204(b) contemplates the simultaneous filing of a motion to transfer and a request for affirmative relief. Thus, to the extent that Rachel requested relief from the trial court in tandem with her motion to transfer, such action does not waive venue.

We also recognize that a party seeking a venue transfer may generally urge certain preliminary motions without waiving the right to complain about venue. *See Gentry v. Tucker,* 891 S.W.2d 766, 768

---

**2.** As a result, courts have held that, in a SAPCR, the Family Code's transfer provisions supplant the rules of procedure and venue statutes, which govern venue challenges in other types of civil cases. *Leonard v. Paxson,* 654 S.W.2d 440, 441 (Tex.1983). Thus, to the extent that Gregory asserts that Rachel has violated the due order of pleadings rule found in the Rules of Civil Procedure, such rule is not applicable. *See Martinez v. Flores,* 820 S.W.2d 937, 938 (Tex.App.-Corpus Christi 1991, no writ) (interpreting predecessor section 11.06, court held that due order of pleadings rule, Tex.R. Civ. P. 86(1), not applicable to filing of motion to transfer venue in SAPCR).

**3.** Section 155.204(b) provides, in its entirety, as follows:

Except as provided by Subsection (a) or Section 262.203, a motion to transfer by a petitioner or movant is timely if it is made at the time the initial pleadings are filed. A motion to transfer by another party is timely if it is made on or before the first Monday after the 20th day after the date of service of citation or notice of the suit or before the commencement of the hearing, whichever is sooner.

Tex. Fam.Code Ann. § 155.204(b) (Vernon Supp.2006).

(Tex.App.-Texarkana 1995, no writ). Of particular relevance, courts have held that, because venue relates to trial on the merits, contesting a motion for temporary relief without first challenging venue does not waive a venue challenge. *See Greene v. Barker*, 806 S.W.2d 274, 275 (Tex.App.-Fort Worth 1991, orig. proceeding) (holding that, in SAPCR, movant asserting motion to transfer did not waive venue challenge by participating in hearing on temporary orders before filing motion to transfer); *Box v. Fleming*, 484 S.W.2d 617, 619 (Tex.Civ.App.-Eastland 1972, no writ) (holding that wife's motion to set aside show cause order pending final hearing on main suit did not waive venue challenge); *cf. In re Lambdin*, No. 07–03–0328–CV, 2003 WL 21981975, *3 (Tex. App.-Amarillo Aug.20, 2003, orig. proceeding) (mem.op.) (concluding that, in SAPCR, wife's *participation in trial on the merits* of husband's motion to enforce, without first seeking ruling on her motion to transfer, waived venue challenge). Courts have also held that pursing other preliminary matters ancillary to the main action, such as engaging in discovery, does not waive venue. *See Petromark Minerals, Inc. v. Buttes Res. Co.*, 633 S.W.2d 657, 659 (Tex.App.-Houston [14th Dist.] 1982, writ dism'd w.o.j.).

■ Here, we conclude that Rachel's actions did not waive her venue challenge. The affirmative relief requested by Rachel in tandem with her motion to transfer is expressly contemplated by the mandatory venue statute. *See* Tex. Fam.Code Ann. § 155.204(b). Rachel's preliminary motions and discovery are ancillary to the main action and did not invoke the power of the trial court in a manner inconsistent with Rachel's continuing intention to insist on a change of venue.[4] *See Gentry*, 891 S.W.2d at 768.

## Conclusion

Because Rachel's motion to transfer was timely, T.L. had lived in Harris County for six months or longer, and Rachel did not waive venue, a transfer to Harris County is mandatory. *See* Tex. Fam.Code Ann. § 155.201(b). We hold that the trial court abused its discretion by denying the motion to transfer. Accordingly, we hold that Rachel is entitled to mandamus relief. We will issue the writ only if Judge Blackstock fails (1) to vacate his May 29, 2007 order denying the motion and (2) to enter an order transferring the case to Harris County.

---

4. A party filing a venue motion has the burden to diligently request a setting on the motion and obtain a ruling prior to a trial on the merits. *Cliff Jones, Inc. v. Ledbetter*, 896 S.W.2d 417, 418 (Tex.App.-Houston [1st Dist.] 1995, no writ). A delay in obtaining a hearing provides a basis for the trial court to deny a venue motion. *Carlile v. RLS Legal Solu-* *tions, Inc.*, 138 S.W.3d 403, 408 (Tex.App.-Houston [14th Dist.] 2004, no pet.). Here, there was no delay. Rachel filed a notice of hearing on the motion to transfer four days after filing the motion. The trial court heard and orally denied the motion 45 days after it was filed, before any decision on the merits.