Opinion issued
July 15, 2010.



In The

Court of Appeals

For The

First District of Texas

———————————

NO.  01-09-00710-CV

———————————

 iN THE
INTEREST OF R.M.B., a child



 



 

On Appeal from the 253rd
District Court

Chambers County, Texas



Trial Court Case No. 24225

 



 

 

MEMORANDUM
OPINION

 

          This
appeal concerns orders modifying conservatorship and access to R.M.B., a
minor.  Appellant Joanna Pinder appeals
the trial court’s order naming appellee Tabitha Randall the joint managing
conservator with the exclusive right to designate R.M.B.’s primary
residence.  On appeal, Pinder asserts
that the trial court lacked jurisdiction, the trial court erred by failing to
make a mandatory transfer of the case to Jefferson County as required by the
Texas Family Code, and the trial court abused its discretion in determining it
was in R.M.B.’s best interest to award Randall the exclusive right to designate
R.M.B.’s primary residence.  We conclude
the trial court had jurisdiction.  We
also conclude, however, that the trial court erred by failing to transfer the
case to Jefferson County.  Accordingly,
we reverse and remand.

Background

On March 30, 2002, then fifteen-year-old
Randall gave birth to R.M.B.   Pinder’s son is R.M.B.’s father.  In 2003, the 253rd District Court of Chambers
County entered an agreed final order in a suit affecting the parent child
relationship.  Over the next several
years, Randall lived with several men, married twice, and divorced twice.  During this time she moved frequently and did
not hold down a steady job.  

          In March 2007, Randall and R.M.B.
moved in with Pinder in Jefferson County. 
Randall left Pinder’s house to move in with a boyfriend, and left R.M.B.
with Pinder for the majority of the week. 
Two nights a week, however, Randall took R.M.B. to spend the night at
her house, along with her boyfriend and her other child D.P.  A few weeks before filing suit, Pinder stated
the house where Randall was living was “filthy” and “deplorable,” littered with
cigarette butts and garbage.

          In January 2008, Pinder filed this
suit seeking to be named a joint managing conservator for R.M.B.  The trial court granted temporary orders
naming Pinder a joint managing conservator and awarding her the exclusive right to
designate R.M.B.’s primary residence. 
After a trial in June 2009, the trial court made its final order on
October 12, 2009.  The trial court named
Pinder a joint managing conservator with Randall, but awarded Randall the exclusive right to
designate R.M.B.’s primary residence.

Jurisdiction

          In her second
issue, Pinder asserts that the trial court’s order in this suit affecting the
parent-child relationship is void because the court lacked jurisdiction.  Specifically, Pinder asserts that R.M.B. did
not reside in Chambers County for the six months preceding the filing of this
suit.

          When a court
renders a final order in a suit affecting the parent-child relationship, it
acquires continuing, exclusive
jurisdiction over the child and suits affecting the parent-child relationship.  Tex.
Fam. Code Ann. § 155.001(a) (Vernon 2008); see In re Wheeler, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st
Dist.] 2005, orig. proceeding). 
The court retains continuing, exclusive jurisdiction over the child
unless jurisdiction has been transferred under sections 155.201–207 of the
Texas Family Code or an emergency exists. 
See Tex. Fam. Code Ann. §§ 155.001(c),
155.002, 155.201–207 (Vernon 2008 & Supp. 2009); In re Wheeler, 177 S.W.3d at 352–53.

          Here, the
undisputed evidence shows that the 253rd District Court in Chambers County entered
a final agreed order in a suit affecting the parent-child relationship
concerning R.M.B on June 2, 2003.  Thus,
the 253rd District Court acquired continuing, exclusive jurisdiction involving
matters affecting R.M.B.  See Tex. Fam. Code Ann. § 155.001(a); In re Wheeler, 177 S.W.3d at 352.  The 253rd District Court remains the
court of continuing, exclusive jurisdiction until jurisdiction has been
transferred under sections 155.201–207 of the Texas Family Code.  See
Tex. Fam. Code Ann.
§§ 155.001(c), 155.002, 155.201–207; In re Wheeler, 177 S.W.3d at 352.  Here, it is the trial court’s failure to
transfer the case that is the subject of Pinder’s complaint on appeal.  Because the 253rd District Court, the court
with continuing exclusive jurisdiction, did not transfer the case, we conclude
that the 253rd District Court retained continuing exclusive jurisdiction and
that its orders entered in this case are not void.  See In re Wheeler, 177 S.W.3d at 352. 
We overrule Pinder’s second issue.

Mandatory Transfer of Court with Continuing Exclusive Jurisdiction

          In her first
issue, Pinder contends that the trial court erred by failing to transfer this
case to Jefferson County pursuant to sections 155.201(b) and 155.204 of the
Texas Family Code.

          Section
155.201 of the Family Code provides in pertinent part:

(b)     If a suit to
modify or a motion to enforce an order is filed in the court having continuing,
exclusive jurisdiction of a suit, on the timely motion of a party the court
shall . . . transfer the proceeding to another county in this state if the
child has resided in the other county for six months or longer.

 

Tex. Fam. Code
Ann. § 155.001(b) (Vernon 2008).  Section 155.204 prescribes the procedure for
transfer as follows:

(c)      If a timely
motion to transfer has been filed and no controverting affidavit is filed
within the period allowed for its filing, the proceeding shall, not later than
the 21st day after the final date of the period allowed for the filing of a
controverting affidavit, be transferred without a hearing to the proper court.

 

(d)     On or before
the first Monday after the 20th day after the date of notice of a motion to
transfer is served, a party desiring to contest the motion must file a
controverting affidavit denying that grounds for the transfer exist.

 

Tex. Fam. Code
Ann. § 155.204(c), (d). 
A motion to transfer by a petitioner is timely if it is made at the time
the initial pleadings are filed.  Tex. Fam. Code Ann. §
155.204(b). 

          Under these
provisions, if a motion to transfer is not timely controverted, then the trial
court has a mandatory, ministerial duty to promptly, without a hearing,
transfer a proceeding to the county where the child at issue has resided for
more than six months.  Tex. Fam. Code Ann. §§ 155.201(b), 155.204(a),
(b), (c); In re Wheeler, 177 S.W.3d at 352; see Proffer v. Yates,
734 S.W.2d 671, 673 (Tex. 1987).  The
transferee court becomes the court of continuing, exclusive jurisdiction, and
all proceedings continue as if brought there originally.  Tex.
Fam. Code Ann. § 155.206(a).   The
transferor court does not retain jurisdiction over the child.  Tex.
Fam. Code Ann. § 155.206(d).   

          A.      Waiver
of Appeal

          Randall
contends that Pinder waived any error of the trial court’s denial of the motion
to transfer by failing to pursue a petition for writ of mandamus.  As mentioned above, the trial court’s duty to
grant an uncontroverted, timely-filed motion to transfer is mandatory and
ministerial; as such, mandamus is available to correct a trial court’s failure
to transfer.  In re Wheeler, 177 S.W.3d at 352; see also Proffer, 734 S.W.2d at 673. 
Randall contends that because mandamus was available to correct the
trial court’s action, Pinder has waived any error by failing to pursue mandamus
and waiting until a final judgment has been rendered to appeal.  Randall cites no authority to support this
contention.  

          The Texas
supreme court has stated “the general rule that parties waive nothing by
foregoing interlocutory review and awaiting a final judgment to appeal.” Perry Homes v. Cull, 258 S.W.3d 580, 586
(Tex. 2008); see also City of San Benito v. Rio Grande Valley Gas
Co., 109 S.W.3d 750, 756 (Tex. 2003) (“[F]iling a request for an
extraordinary writ is not a prerequisite to an appeal.”); Pope v. Stephenson, 787 S.W.2d 953, 954 (Tex. 1990) (“The decision
not to pursue the extraordinary remedy of mandamus does not prejudice or waive
a party’s right to complain on appeal.”). 
This general rule has been applied to failure to pursue mandamus in
cases involving erroneous decisions concerning mandatory venue and mandatory
transfer under the Family Code.  See Campos
v. Tex. Property & Cas. Ins. Guar. Ass’n for Reliance Nat. Indem. Co.,
282 S.W.3d 226, 232 (Tex. App.—Austin 2009, no pet.) (mandatory venue provision
of Texas Worker’s Compensation Act); In
re S.G.S., No. 02–05–211–CV, 2006 WL 1791668, at *1 (Tex. App.—Fort Worth
June 29, 2006, pet. denied) (mem. op.) (mandatory transfer under Tex. Fam. Code Ann. § 155.301(a) (Vernon 2008)).  Pinder did not waive error by failing to
challenge by mandamus the denial of her motion to transfer.

          B.      Mandatory
Transfer

          Here, Pinder
filed a petition in the 253rd District Court.[1]  At the same time, she filed a motion to
transfer asserting R.M.B. had resided in Jefferson County for more than six months.  Thus, her motion to transfer was timely.  See
Tex. Fam. Code Ann.
§ 155.204(b).  Randall did not
file a controverting affidavit.  Thus,
the trial court had a mandatory ministerial duty to transfer the case to
Jefferson County.  See Tex. Fam. Code
Ann. §§ 155.201(b), 155.204(a), (b), (c); In re Wheeler, 177 S.W.3d at 352.  We sustain Pinder’s first issue.  Because we sustain her first issue, we do not
address her third and fourth issues in which Pinder contends the trial court
abused its discretion in granting Randall the exclusive right to
designate R.M.B.’s primary residence.

Conclusion

          We
reverse the judgment of the 253rd District Court and remand for the limited
purpose of the court transferring the case to Jefferson County.

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists of Justices
Jennings, Alcala, and Massengale.











[1]           The 253rd District Court covers two
counties—Chambers and Liberty.  Randall
and R.M.B had resided in Chambers County when the 253rd District Court entered
the final agreed order in a suit affecting the parent child relationship in
2003.  When Pinder filed her petition in
this suit, she erroneously filed it with the District Clerk for Liberty
County.  The 253rd District Court signed
an order transferring the case to Chambers County.