**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00993-CV

_____

### IN RE CHARLITA MARRS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 03-DCV-128450**

---

## M E M O R A N D U M   O P I N I O N

On November 14, 2011, relator Charlita Marrs filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Brady Elliott, presiding judge of the 268th District Court of Fort Bend County, abused his discretion in denying her controverted motion to transfer a suit affecting the parent-child relationship to Harris County. *See* Tex. Fam. Code § 155.201(b).[1]

---

[1] Section 155.201(b) provides, in pertinent part, as follows:

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex. Fam. Code § 155.201(b).

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). Mandamus is the appropriate remedy to compel a mandatory transfer of venue in a suit affecting the parent-child relationship. *In re Leder*, 263 S.W.3d 283, 285 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding); *see* Tex. Fam. Code § 155.204(h) (providing that denial of mandatory transfer is not subject to interlocutory appeal).

A party seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le,* 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief).

In her motion to transfer, relator alleged that the child lived in Harris County, without alleging that the child had lived there for at least the previous six months. She alleged that "[a]ll of the parties and the child affected by the proceeding reside in Texas in Harris County." Relator filed an amended motion to transfer on September 30, 2011, the same day that the trial court conducted a hearing on the transfer issue. *See* Tex. Fam. Code § 155.204(e) (requiring hearing on motion to transfer after at least 10 days' notice if a controverting affidavit contesting the motion to transfer has been filed). In the amended motion, relator alleged that "[t]he principle residence of the child is in Harris County, Texas, and has been in that county during the six-month period preceding the commencement of this suit." There is nothing in our record to indicate that the trial court was aware of or considered relator's amended motion. No record from the September 30, 2011, hearing on relator's motion to transfer was included with her petition for writ of

mandamus. Relator is required to file a properly authenticated transcript of any underlying hearing, or a statement that no testimony was adduced, and she failed to do so. *See* Tex. R. App. P. 52.7(a)(2). In addition, relator did not certify that every factual statement in the petition is supported by competent evidence included in the appendix or record, as required by the rules of appellate procedure addressing original proceedings. *See* Tex. R. App. P. 52.3(j).

Relator has not met her burden to establish entitlement to extraordinary relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.