# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00478-CV

**In re Janeen Smith**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Janeen Smith has filed a petition for writ of mandamus seeking relief from orders entered in a custody-modification proceeding. First, Smith asserts that the trial court's temporary orders deprive her of her right as sole managing conservator to designate the children's permanent residence without the requisite showing that the order was necessary because the children's present circumstances would significantly impair the children's physical health or emotional development. *See* Tex. Fam. Code § 156.006(b)(1). In addition, Smith complains that at the time the trial court entered the temporary orders, the 207th District Court of Caldwell County still had continuing, exclusive jurisdiction over the suit affecting the parent child relationship and no motion to transfer had been filed. *Id*. §§ 155.001, .201. Finally, Smith contends that the trial court wrongfully refused to grant her motion to transfer the case to Travis County where, according to her, the children have been residing. *See id*. § 155.201(b).

In custody cases, temporary orders and orders on motions to transfer venue are not appealable, but are subject to mandamus relief. *See Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (holding mandamus relief from temporary orders was appropriate because "the trial

court's issuance of temporary orders [was] not subject to interlocutory appeal"); *In re Wheeler*, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) (explaining that ruling on motion to transfer under section 155.201 of family code is not subject to interlocutory appeal, but mandamus relief is available); *In re Silverman*, No. 03-09-00074-CV, 2009 WL 1099197, at *2 (Tex. App.—Austin Apr. 24, 2009, orig. proceeding) (mem. op.) (same). As the party seeking relief, it is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). "Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding); *see* Tex. R. App. P. 52.3(k), 52.7(a). "This court cannot make a sound decision based on an incomplete picture." *In re Le*, 335 S.W.3d at 813.

Here, Smith has failed to provide any record from which we could evaluate her claims for mandamus relief. For instance, Smith argues that the trial court could not have reasonably concluded that allowing the children to remain with her would significantly impair their physical health or emotional development. However, Smith has not provided this Court with a copy of the challenged temporary orders or with a record of the evidence, if any, considered by the trial court. *See* Tex. R. App. P. 52.7(a); *Walker*, 827 S.W.2d 837. Likewise, although Smith argues that the trial court abused its discretion in failing to transfer the case to Travis County, we have not received a copy of any pleadings, motions, or other documents relevant to this claim. *See* Tex. R. App. P.

52.7(a). Smith also has not provided a record of any hearing on her motion to transfer, if one was held. *See id*.

Because we lack a sufficient record, we cannot conclude that Smith is entitled to mandamus relief. Consequently, Smith's petition for writ of mandamus and motion for emergency relief are denied. *See* Tex. R. App. P. 52.8(a).


_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Filed: August 13, 2014

3