

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00084-CV

_____

IN RE:   CANDI COOPER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

OPINION

Z.B.J.'s parents, Candace Joy Cooper and David Johnston, were divorced in 2007 and appointed joint managing conservators of their child. The divorce decree specified that Z.B.J.'s residence would be Upshur County or a contiguous county. Later, Cooper and Johnston agreed that Johnston would obtain a modification of the decree to allow Cooper to move to Travis County with Z.B.J. Cooper paid Johnston $100.00 as her part of the expected expense Johnston would incur in getting the modified decree. Contrary to the parents' agreement, Johnston failed to get the decree modified. Ignorant of this failure, Cooper moved to Travis County with Z.B.J.

Some eighteen months after the move, Johnston filed, in Upshur County, a motion to modify the conservatorship of Z.B.J. and an application for "temporary ex parte relief," alleging the use of marihuana by Cooper's current husband endangered Z.B.J.[1] Cooper filed a motion to transfer venue to Travis County under Section 155.201 of the Texas Family Code, which provides for mandatory transfer of venue "if the child has resided in the other county for six months or longer." *See* TEX. FAM. CODE ANN. § 155.201 (Vernon 2008). On April 14, 2010, the Honorable Paul Banner, sitting for the 115th Judicial District Court of Upshur County, Texas, heard and denied the motion to transfer venue.

---

[1]Johnston's action is classified as a suit affecting the parent-child relationship, commonly referred to as a SAPCR. *See* TEX. FAM. CODE ANN. § 101.032 (Vernon Supp. 2009).

2

Cooper has filed a petition for writ of mandamus[2] asking this Court to order the trial court to grant her motion to transfer venue of Johnston's suit. Johnston, the real party in interest, has filed a motion for sanctions. The decision on the motion for sanctions was ordered carried with the case for disposition with the petition for writ of mandamus.

We grant Cooper's petition because, without a final judgment in Johnston's suit, (1) Cooper does not have an adequate remedy by appeal, and (2) venue transfer is mandatory. We decline to assess sanctions against Cooper.

*(1)     Cooper Does Not Have an Adequate Remedy by Appeal*

A preliminary issue which must be addressed is whether Cooper has an adequate remedy by appeal. Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992); *see In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). The Texas Supreme Court has adopted a balancing test to determine whether a party has an adequate

---

[2]This is the second mandamus petition Cooper has filed with this Court complaining of the trial court's order denying her motion to transfer. On June 28, 2010, Cooper, proceeding pro se, filed a petition for writ of mandamus with this Court. We denied the petition because Cooper failed to provide this Court with an adequate record. *In re Cooper*, No. 06-10-00057-CV, 2010 Tex. App. LEXIS 5173 (Tex. App.—Texarkana July 7, 2010, orig. proceeding). Cooper filed a pro se motion for rehearing attempting to supplement the record. We denied Cooper's motion for rehearing concluding Cooper had failed to establish "unusual circumstances" sufficient to permit supplementation after an opinion had been rendered. *In re Cooper*, No. 06-10-00057-CV, 2010 Tex. App. LEXIS 6526 (Tex. App.—Texarkana Aug. 6, 2010, orig. proceeding) (op. on reh'g). On August 9, 2010, Cooper filed this petition for writ of mandamus. Cooper is represented by counsel in this original proceeding. Cooper has requested that this Court consider "previously certified documents" which were filed in the prior mandamus proceeding, including the transcript of the hearing. We grant Cooper's motion and take judicial notice of the record in the prior mandamus action.

3

remedy by appeal. *See In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *see In re AIU Ins. Co*., 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding).

Johnston has informed this Court that the trial in the trial court has been concluded and has provided this Court with a copy of the verdict form signed by the jury. Cooper did not request that this Court stay any proceedings in the trial court. The copy of the court's charge provided this Court with notice that the trial has already been concluded and we requested, sua sponte, that the district clerk provide a supplemental record of the final judgment. We were informed by the district clerk that no final judgment has been signed. We have yet to receive notice that a final judgment has been signed.

If the final judgment had been signed, Cooper would have an available remedy by direct appeal. *See* TEX. FAM. CODE ANN. § 109.002 (Vernon 2008); *see, e.g., In re S.G.S*., 53 S.W.3d 848, 852 (Tex. App.—Fort Worth 2001, no pet.). The final judgment, though, has not yet been signed, as far as we can determine at this time, and Cooper does not have a remedy by direct appeal until the final judgment has been signed. *See* TEX. FAM. CODE ANN. §§ 109.002, 155.201 (Vernon 2008), § 155.204(h) (Vernon Supp. 2009) (interlocutory appeal not available for denial of motion for mandatory transfer); *see also Lehmann v. Har-Con Corp*., 39 S.W.3d 191, 195 (Tex. 2001) (party may normally appeal only from final orders or judgments). Mandamus is an available remedy when a trial court fails to grant a motion to transfer venue under Section 155.201 of the Texas Family Code. *In re Kerst*, 237 S.W.3d 441, 442-43 (Tex. App.—Texarkana 2007, orig.

proceeding); *In re Compton*, 185 S.W.3d 526, 530 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). We conclude Cooper does not have an adequate remedy by appeal under the facts contained in the record before us.

*(2)     Venue Transfer Is Mandatory*

Cooper claims that the venue transfer was mandatory once she had shown that the child had resided in another county for six months or longer. The trial court concluded that Cooper's act of moving the child to Travis County violated the geographical restriction in the divorce decree.

If a child has resided in another county for more than six months, the Texas Family Code requires that a SAPCR be transferred to the county of the child's residence. Section 155.201 of the Texas Family Code provides as follows:

> (a)     On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

> (b)     If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

> (c)     If a suit to modify or a motion to enforce an order is pending at the time a subsequent suit to modify or motion to enforce is filed, the court may transfer the proceeding as provided by Subsection (b) only if the court could have transferred the proceeding at the time the first motion or suit was filed.

TEX. FAM. CODE ANN. § 155.201.   Upon a showing that the child has resided in another county for six months, the transfer is mandatory.   *Brines v. McIlhaney*, 596 S.W.2d 519, 521 (Tex. 1980) (orig. proceeding) (construing prior statute).   The trial court has no discretion to deny the transfer if the child has resided in another county for six months or more and has a ministerial duty to grant the motion to transfer.   *See, e.g., Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex. 1987) (orig. proceeding) (construing prior statute); *In re Powell*, 79 S.W.3d 814, 816 (Tex. App.—Fort Worth 2002, orig. proceeding); *In re Wheeler*, 177 S.W.3d 350, 354 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *In re Nabors*, 276 S.W.3d 190, 193 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).   The uncontested evidence introduced at the hearing established that Z.B.J. had resided in Travis County for eighteen months at the time Johnston filed his action.

Johnston argued to the trial court and to this Court in the prior petition for writ of mandamus that Cooper forfeited her rights under the mandatory venue provision by violating the divorce decree.   The divorce decree in this case specified:

> the primary residence of the child shall be Upshur or contiguous counties, and the parties shall not remove the child from Upshur or contiguous counties for the purpose of changing the primary residence of the child until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.

Johnston relies on *Huey v. Huey*, 200 S.W.3d 851 (Tex. App.—Dallas 2006, no pet.).   The Dallas Court of Appeals concluded, in *Huey*, that the mother forfeited her rights under the mandatory venue provision by intentionally violating the final decree of divorce which "expressly restricted

6

her choice of residence for the children to Collin County, Texas or any county contiguous to Collin County." *Id*. at 852. The court reasoned:

> Appellant's conduct of moving her children to Howard County directly contravenes the existing divorce decree. In effect, appellant's conduct is an attempt to establish the children's residence in a county proscribed by judicial decree. As such, we conclude Howard County is not a proper county to which transfer must be made by the trial court invested with continuing, exclusive jurisdiction.
>
> Moreover, permitting appellant to obtain the benefit of an otherwise mandatory transfer based on the children's residence in Howard County, when such residence is solely the result of appellant's intentional disregard and violation of the divorce decree, would condone appellant's violation of the divorce decree and encourage others to do the same in similar circumstances. Also, compelling a transfer on facts such as presented here would promote forum shopping. We conclude appellant's act of removing the children to a county not expressly permitted by the trial court's decree constitutes a waiver of the right to give notice of transfer under section 155.204 and a forfeiture of the right to have the case transferred.

*Id*. at 853.

In this case, the evidence was uncontested that Cooper moved only after Johnston agreed to get the decree modified to approve the move. *Huey* emphasized that its decision was based on "appellant's intentional disregard and violation of the divorce decree." *Id.* The divorce decree stated the residency restriction could be modified by filing a written agreement of the parties with the court. Johnston admitted he agreed to the move and agreed to secure an amended order permitting the residence of Z.B.J. to be established in Travis County, Texas. Johnston further admitted that he accepted Cooper's $100.00 check to pay for filing the agreement, but that he never filed the agreement. A copy of the check was introduced as evidence at the hearing. Cooper also

7

introduced a taped telephone call in which Johnston admits receiving the check but not making any attempt to file the agreement.[3]

This case is distinguishable from *Huey*, because the uncontested evidence establishes Cooper did not intend to violate the divorce decree. In fact, Cooper was reasonable in expecting the decree to have been modified to approve her move to Travis County. Cooper's conduct in moving can be questioned only in her failure to confirm that the written agreement was actually filed and a modified decree actually obtained. Because there was no evidence Cooper intentionally violated the decree's geographical restriction, the trial court could reasonably have reached only one decision. *See Walker*, 827 S.W.2d at 839-40 ("[R]elator must establish that the trial court could reasonably have reached only one decision."). Because Cooper's violation of the divorce decree was not intentional, we are unable to conclude she forfeited the benefit of mandatory transfer.[4]

---

[3]Johnston did not contest whether the tape recording was legally obtained or whether the tape recording was admissible.

[4]*Huey* uses the terms waiver and forfeiture in describing this situation. We wonder about the particular usage of waiver here. The concept of waiver is concerned with the conduct of the party who is alleged to have waived a right. The Texas Supreme Court has defined waiver as follows:

> Waiver is the intentional relinquishment of a right actually known, or intentional conduct inconsistent with claiming that right. . . . The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.

*Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (citations omitted). If applicable here, waiver would require Cooper's conduct (violating the decree) to be intentional and inconsistent with the right in question (mandatory transfer of venue). We believe her violation of the decree was unintentional.

Absent any intent by Cooper to violate the decree, we see no reason the mandatory transfer provisions of Section 155.201 should not apply. "In determining the county of principal residence we focus on elements of permanency for the children which are critical to establishing residency for venue purposes." *Nabors*, 276 S.W.3d at 197. The purpose of having a court of continuing jurisdiction is to "avoi[d] forum shopping, races to the courthouse, child snatching, and the harassment of a parent by the other parent's filing suits in random courts." *Trader v. Dear*, 565 S.W.2d 233, 235 (Tex. 1978) (orig. proceeding). The Texas Legislature has made the choice that, in general, the county of the child's residence is in the best position to determine the "best interests" of the child. This policy is reflected in Section 155.201 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201.

Admittedly, the trial court's ruling concerned an unsettled area of law. In a civil case, the fact that the law is unsettled does not affect whether mandamus relief is available. The Texas Supreme Court has held that a trial court's erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion.[5] *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996); *In re Ramsey*, 28 S.W.3d 58, 61 (Tex. App.—Texarkana 2000, orig. proceeding). It was error to deny Cooper's motion to transfer venue, and Cooper is entitled to mandamus relief.

Because the parties have not provided this Court with a record that the trial court has signed the final judgment, Cooper does not have an adequate remedy by appeal, and mandamus relief is

---

[5]In a criminal case, however, mandamus is not available if the law is uncertain and unsettled. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

9

available. A trial court does not ordinarily have discretion to deny a motion for mandatory transfer under Section 155.201 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201. While Texas courts have recognized a party may forfeit mandatory transfer through an intentional disregard and violation of a geographic restriction in a court order, the record does not support the conclusion that Cooper's violation of the geographic restriction was intentional. Thus, the trial court had a ministerial duty to grant the motion to transfer. While Cooper's conduct has not been exemplary, we decline to assess sanctions against Cooper at this time.[6]

---

[6]Johnston has filed a motion for sanctions requesting sanctions be assessed against Cooper. Johnston notes this mandamus was filed on the same day jury selection began in the underlying suit. Johnston alleges, "it is apparent that this 'new' Petition for Writ of Mandamus is filed solely in an attempt to delay the underlying proceedings, and grossly omitted an obviously important and material fact in her Petition, i.e., that trial was pending at the same time her Petition was filed in this Honorable Court." Johnston cites *Twist v. McAllen Nat'l Bank*, 248 S.W.3d 351, 364 (Tex. App.—Corpus Christi 2007, orig. proceeding) (single opinion disposing of both an appeal and an original proceeding), and *In re Lincoln*, 114 S.W.3d 724, 727–28 (Tex. App.—Austin 2003, orig. proceeding) (sanctions assessed under Rule 52.11 of the Texas Rules of Appellate Procedure). *See* TEX. R. APP. P. 52.11. Rule 52.11 permits an appellate court to assess sanctions on a party or attorney who is not acting in good faith. *See* TEX. R. APP. P. 52.11. Although the timing of Cooper's petitions are questionable and Cooper could have been more diligent in obtaining relief, Cooper's claims have merit as discussed above. We are not persuaded the mere act of filing a petition for writ of mandamus on the eve of trial constitutes bad faith. An appellate court should exercise the discretion afforded by Rule 52.11 with caution and only after careful deliberation. *In re Lerma*, 144 S.W.3d 21, 27 (Tex. App.—El Paso 2004, orig. proceeding).

Johnston also alleges Cooper has filed, pro se, a forty million dollar lawsuit in federal court against the trial judge in this case. Johnston alleges Barry Cooper, Cooper's husband, has publically claimed, "if you are in a civil trial and need a new judge, file a cheap lawsuit pro se and file a motion so that the judge will be forced to recuse his or herself." Johnston has attached a copy of the lawsuit and Cooper's motion requesting the trial judge in this case to recuse himself from this case. Whether this conduct merits sanctions is best left to the discretion of the courts in which the allegedly frivolous proceedings were filed. We believe it is appropriate to consider only Cooper's conduct in this Court. We are not willing to exercise our discretion under Rule 52.11 to assess sanctions against Cooper.

We grant the petition for writ of mandamus, direct the trial court to vacate the order denying the motion to transfer, and direct the trial court to transfer this suit to Travis County.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 2, 2010
Date Decided:       September 3, 2010


11

No. 06-10-00084-CV

IN THE COURT OF APPEALS
SIXTH COURT OF APPEALS DISTRICT OF TEXAS
TEXARKANA, TEXAS

IN RE:                                          ORIGINAL MANDAMUS

CANDI COOPER                                    PROCEEDING

WRIT OF MANDAMUS

Respondent, the Honorable Paul Banner, is hereby commanded to immediately vacate the

order denying the motion to transfer venue, and further commanded to immediately enter an order

transferring this cause to Travis County.

ENTERED on this ___ day of September, 2010, in chambers.

WITNESS THE HONORABLE JOSH R. MORRISS, III, CHIEF JUSTICE; JACK

CARTER, JUSTICE; AND BAILEY C. MOSELEY, JUSTICE, of the Court of Appeals, Sixth

Court of Appeals District of Texas, at Texarkana.

Given under my hand and seal of said Court in the City of Texarkana, Texas on this the ___

day of September, 2010.

DEBBIE AUTREY, CLERK


By: _____
    Kim Robinson, Deputy Clerk
    Sixth Judicial District of Texas


12

Court of Appeals
Texarkana, Texas