**Opinion filed September 15, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00110-CV
_____

## CANDI COOPER, Appellant

## V.

## DAVID JOHNSTON, Appellee

**On Appeal from the 250th District Court**

**Travis County, Texas**

**Trial Court Cause No. D-1-FM-10-005696**

## M E M O R A N D U M   O P I N I O N

Candi Cooper appeals from the trial court's order modifying the parent-child relationship between her and her son, Z.B.J.  We affirm.

*Background Facts*

As demonstrated below, the facts of this case are unique.  Cooper and David Johnston were divorced in 2007 in Upshur County, Texas.  In the divorce decree, the 115th District Court of Upshur County appointed Cooper and Johnston as joint managing conservators of their child,

Z.B.J. The divorce decree provided that Cooper had the exclusive right to designate the primary residence of Z.B.J. within Upshur County or contiguous counties. Later, Johnston agreed to obtain a modified decree that would allow Cooper to move to Travis County with Z.B.J. Cooper paid Johnston her share of the expected expenses that would be necessary for Johnston to obtain the modified order. Cooper moved to Travis County with Z.B.J., but Johnston failed to obtain the modified decree.

About eighteen months later, Johnston filed a petition to modify the divorce decree in Upshur County. In the petition, Johnston alleged that he should be appointed as the joint managing conservator with the right to primary possession of Z.B.J. Cooper moved to transfer venue of the cause to Travis County. Johnston opposed the transfer. The Upshur County district court entered an order denying Cooper's motion to transfer venue. Cooper sought mandamus relief from the Upshur County district court's order in the Texarkana Court of Appeals. The Texarkana Court of Appeals denied Cooper's petition for writ of mandamus because she had failed to provide the court with an adequate record.

On August 9, 2010, Cooper filed a second petition for writ of mandamus in the Texarkana Court of Appeals. However, Cooper did not request the Texarkana Court of Appeals to stay the proceedings in the Upshur County district court. On that same day, a jury trial commenced in Upshur County on Johnston's petition to modify. The jury reached a verdict in the Upshur County trial on August 11, 2010. The jury found that the divorce decree should be modified to designate Johnston as the conservator with the exclusive right to designate the primary residence of Z.B.J. within Upshur County and adjacent counties.

Before a judgment was entered on the jury's verdict, the Texarkana Court of Appeals issued its opinion in *In re Cooper*, 320 S.W.3d 905 (Tex. App.—Texarkana 2010, orig. proceeding). The Texarkana Court held that the transfer of venue from Upshur County to Travis County was mandatory under Section 155.201(b) of the Texas Family Code because Z.B.J. had resided in Travis County for six months or longer when Johnston filed his petition to modify. TEX. FAM. CODE ANN. § 155.201(b) (Vernon 2008); *Cooper*, 320 S.W.3d at 909-11. Because the Upshur County district court had erred by denying Cooper's motion to transfer venue, the Texarkana Court held that Cooper was entitled to mandamus relief. *Cooper*, 320 S.W.3d at 911. The Texarkana Court directed the Upshur County district court to vacate its order denying Cooper's motion to transfer venue and to transfer the suit to Travis County. *Id.* at 912.

The Upshur County district court entered an order transferring this cause to Travis County. After the transfer, Johnston moved for judgment on the jury verdict. The Travis County trial court (the trial court) heard Johnston's motion on December 6-7, 2010. On December 21, 2010, the trial court entered a final order in this suit affecting the parent-child relationship. In the order, the trial court found "that the jury verdict [was] not invalidated by the subsequent transfer of venue of the case." Therefore, the trial court granted Johnston's motion for judgment on the jury verdict. The trial court ordered, among other things, that Johnston shall have "the exclusive right to designate the primary residence of the child to an area that lies within Upshur County and its surrounding contiguous counties."

Cooper filed a motion and an amended motion for new trial in the trial court. Cooper argued that failing to conduct a trial in Travis County had prevented her from receiving a fair trial. In support of her argument, she contended that she had been unable to call ten or more witnesses who resided in Travis County to testify at the Upshur County trial because those witnesses lived outside the subpoena range of the Upshur County district court. In her amended motion for new trial, Cooper named ten potential witnesses who resided in Travis County. Based on her inability to subpoena these potential witnesses to testify in Upshur County, she asserted that she had been denied a fair trial. The trial court heard and then denied Cooper's amended motion for new trial. Cooper has filed this direct appeal from the trial court's final order.

*Issue on Appeal*

In her sole point of error, Cooper argues that, because Upshur County was an improper venue for the jury trial, the trial court erred by rendering a judgment on the jury's verdict and by denying her motion for new trial.

*Analysis*

Cooper argues that, because the jury trial in this cause was held in a county of improper venue, "the appropriate remedy is to reverse the trial court's judgment." To support her argument, Cooper relies on Section 15.064(b) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064 (Vernon 2002). Section 15.064(b) provides, "On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error." Based on Section 15.064(b), Cooper asserts that the trial court's

3

final order in this cause must be reversed and that the cause must be remanded to the trial court for a new trial.

However, this cause is a suit affecting the parent-child relationship. As such, venue in this cause is governed by the venue provisions in the Texas Family Code. The transfer procedures under the Texas Family Code are the *exclusive* mechanism for transferring suits affecting the parent-child relationship. *In re Nabors*, 276 S.W.3d 190, 194 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). In such suits, the venue provisions in the Family Code supplant the Texas Rules of Civil Procedure and the venue statutes that govern venue challenges in other types of civil cases. *Leonard v. Paxson*, 654 S.W.2d 440, 441 (Tex. 1983); *In re Nabors*, 276 S.W.3d at 194; *In re Kerst*, 237 S.W.3d 441, 443 n.2 (Tex. App.—Texarkana 2007, orig. proceeding). Therefore, Section 15.064(b) of the Civil Practice and Remedies Code does not apply in this cause.

Under Section 155.001(a) of the Texas Family Code, a trial court that renders a final divorce decree acquires continuing, exclusive jurisdiction over the matters in the decree affecting a child of the marriage. TEX. FAM. CODE ANN. § 155.001(a) (Vernon 2008); *In re Wheeler*, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding); *In re G.R.M.*, 45 S.W.3d 764, 766 (Tex. App.—Fort Worth 2001, orig. proceeding). The court retains continuing, exclusive jurisdiction over the child unless jurisdiction has been transferred under Sections 155.201-.207 of the Texas Family Code or an emergency exists. TEX. FAM. CODE ANN. §§ 155.001(c), 155.002, 155.201-.207 (Vernon 2008); *In re Wheeler*, 177 S.W.3d at 352; *In re G.R.M.*, 45 S.W.3d at 766-67. Section 155.201(b) provides for the mandatory transfer of a suit to modify a divorce decree to another county upon a timely motion to transfer venue "if the child has resided in the other county for six months or longer." *In re Cooper*, 320 S.W.3d at 909. Following a transfer of venue, the transferee court "becomes the court of continuing, exclusive jurisdiction and all proceedings in the suit are continued as if it were brought there originally." Section 155.206(a).

In this cause, the Upshur County district court acquired continuing, exclusive jurisdiction over the matters in the divorce decree affecting Z.B.J. when it rendered the final divorce decree. *Id.* § 155.001(a). The jury trial occurred before the cause was transferred to Travis County. Cooper effectively allowed the jury trial to take place by failing to request the Texarkana Court of Appeals to stay the proceedings in the Upshur County district court. When the cause was

4

transferred to Travis County, the trial court became the court of continuing, exclusive jurisdiction, and "all proceedings in the suit [were] continued as if it were brought there originally." *Id.* § 155.206(a). The jury trial in Upshur County was a "proceeding," and the jury's verdict arose from that "proceeding." Based on the language of Section 155.206(a), we conclude that the trial court acquired the cause subject to the jury's verdict. After a hearing, the trial court, which was in the county of proper venue, concluded that the jury's verdict was not invalidated by the transfer of venue and that Johnston was entitled to judgment on the jury's verdict. No provision in the Family Code required the trial court to nullify or invalidate the verdict. We conclude that the trial court did not err by entering a judgment on the jury's verdict.

Cooper also complains that the trial court erred by denying her motion for new trial. We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). Cooper asserts that she was denied a fair trial in Upshur County because of her inability to subpoena witnesses. She also asserts that holding the trial in Upshur County contravened legislative intent as expressed in the mandatory venue provision requiring matters affecting the parent-child relationship to be held in the county where the child resides because, generally, the current circumstances affecting the child may be best proven in that county. *See Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex. 1978). In her amended motion for new trial, Cooper named ten potential witnesses who resided in Travis County. However, Cooper did not provide any evidentiary support for her motion, such as affidavits from the potential witnesses, showing what the testimony of the witnesses might have been had they testified at trial. Without this evidence, the record does not show that the result of the jury trial might have been different if the potential witnesses had testified. Additionally, nothing in the record shows that Cooper could not have presented testimony of witnesses by deposition at the Uphsur County trial. Finally, and perhaps most important, Cooper did not request the Texarkana court to stay any proceedings in the Upshur County district court when she filed her petition for writ of mandamus. *In re Cooper*, 320 S.W.3d at 908. Instead, she allowed the jury trial to proceed in Upshur County. Cooper has not shown that she did not receive a fair trial. Based on the record, we cannot conclude that the trial court abused its discretion by denying Cooper's amended motion for new trial. Cooper's appellate issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


ERIC KALENAK

JUSTICE


September 15, 2011

Panel consists of:  Wright, C.J.,
McCall, J., and Kalenak, J.