Opinion filed September
15, 2011

 

 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00110-CV 

                                                    __________

 

                                      CANDI
COOPER, Appellant

 

                                                         
V.

 

                                    
DAVID JOHNSTON, Appellee



 

                                   On
Appeal from the 250th District Court

 

                                                            Travis
County, Texas

 

                                          Trial Court
Cause No. D-1-FM-10-005696 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            Candi
Cooper appeals from the trial court’s order modifying the parent-child
relationship between her and her son, Z.B.J.  We affirm.

Background
Facts

            As
demonstrated below, the facts of this case are unique.  Cooper and David Johnston
were divorced in 2007 in Upshur County, Texas.  In the divorce decree, the 115th
District Court of Upshur County appointed Cooper and Johnston as joint managing
conservators of their child, Z.B.J.  The divorce decree provided that Cooper
had the exclusive right to designate the primary residence of Z.B.J. within
Upshur County or contiguous counties.  Later, Johnston agreed to obtain a
modified decree that would allow Cooper to move to Travis County with Z.B.J. 
Cooper paid Johnston her share of the expected expenses that would be necessary
for Johnston to obtain the modified order.  Cooper moved to Travis County with
Z.B.J., but Johnston failed to obtain the modified decree.

            About
eighteen months later, Johnston filed a petition to modify the divorce decree in
Upshur County.  In the petition, Johnston alleged that he should be appointed
as the joint managing conservator with the right to primary possession of
Z.B.J.  Cooper moved to transfer venue of the cause to Travis County.  Johnston
opposed the transfer.  The Upshur County district court entered an order
denying Cooper’s motion to transfer venue.  Cooper sought mandamus relief from
the Upshur County district court’s order in the Texarkana Court of Appeals.  The
Texarkana Court of Appeals denied Cooper’s petition for writ of mandamus
because she had failed to provide the court with an adequate record.

            On
August 9, 2010, Cooper filed a second petition for writ of mandamus in the
Texarkana Court of Appeals.  However, Cooper did not request the Texarkana
Court of Appeals to stay the proceedings in the Upshur County district court.  On
that same day, a jury trial commenced in Upshur County on Johnston’s petition
to modify.  The jury reached a verdict in the Upshur County trial on August 11,
2010.  The jury found that the divorce decree should be modified to designate
Johnston as the conservator with the exclusive right to designate the primary
residence of Z.B.J. within Upshur County and adjacent counties.

            Before
a judgment was entered on the jury’s verdict, the Texarkana Court of Appeals
issued its opinion in In re Cooper, 320 S.W.3d 905 (Tex. App.—Texarkana
2010, orig. proceeding).  The Texarkana Court held that the transfer of venue
from Upshur County to Travis County was mandatory under Section 155.201(b) of the
Texas Family Code because Z.B.J. had resided in Travis County for six months or
longer when Johnston filed his petition to modify.  Tex. Fam. Code Ann. § 155.201(b) (Vernon 2008); Cooper,
320 S.W.3d at 909-11.  Because the Upshur County district court had erred by denying
Cooper’s motion to transfer venue, the Texarkana Court held that Cooper was
entitled to mandamus relief.  Cooper, 320 S.W.3d at 911.  The Texarkana
Court directed the Upshur County district court to vacate its order denying
Cooper’s motion to transfer venue and to transfer the suit to Travis County.  Id.
at 912.

 

            The
Upshur County district court entered an order transferring this cause to Travis
County.  After the transfer, Johnston moved for judgment on the jury verdict.  The
Travis County trial court (the trial court) heard Johnston’s motion on December
6-7, 2010.  On December 21, 2010, the trial court entered a final order in
this suit affecting the parent-child relationship.  In the order, the trial
court found “that the jury verdict [was] not invalidated by the subsequent
transfer of venue of the case.”  Therefore, the trial court granted Johnston’s
motion for judgment on the jury verdict.  The trial court ordered, among other
things, that Johnston shall have “the exclusive right to designate the primary
residence of the child to an area that lies within Upshur County and its
surrounding contiguous counties.”

            Cooper
filed a motion and an amended motion for new trial in the trial court.  Cooper
argued that failing to conduct a trial in Travis County had prevented her from
receiving a fair trial.  In support of her argument, she contended that she had
been unable to call ten or more witnesses who resided in Travis County to
testify at the Upshur County trial because those witnesses lived outside the
subpoena range of the Upshur County district court.  In her amended motion for
new trial, Cooper named ten potential witnesses who resided in Travis County.  Based
on her inability to subpoena these potential witnesses to testify in Upshur
County, she asserted that she had been denied a fair trial.  The trial court
heard and then denied Cooper’s amended motion for new trial.  Cooper has filed
this direct appeal from the trial court’s final order.  

Issue
on Appeal

            In
her sole point of error, Cooper argues that, because Upshur County was an
improper venue for the jury trial, the trial court erred by rendering a judgment
on the jury’s verdict and by denying her motion for new trial.

Analysis

            Cooper
argues that, because the jury trial in this cause was held in a county of
improper venue, “the appropriate remedy is to reverse the trial court’s
judgment.”  To support her argument, Cooper relies on Section 15.064(b) of the
Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 15.064 (Vernon 2002).  Section
15.064(b) provides, “On appeal from the trial on the merits, if venue was
improper it shall in no event be harmless error and shall be reversible
error.”  Based on Section 15.064(b), Cooper asserts that the trial court’s final
order in this cause must be reversed and that the cause must be remanded to the
trial court for a new trial.

            However,
this cause is a suit affecting the parent-child relationship.  As such, venue
in this cause is governed by the venue provisions in the Texas Family Code.  The
transfer procedures under the Texas Family Code are the exclusive
mechanism for transferring suits affecting the parent-child relationship.  In
re Nabors, 276 S.W.3d 190, 194 (Tex. App.— Houston [14th Dist.] 2009, orig.
proceeding).  In such suits, the venue provisions in the Family Code supplant
the Texas Rules of Civil Procedure and the venue statutes that govern venue
challenges in other types of civil cases.  Leonard v. Paxson, 654 S.W.2d
440, 441 (Tex. 1983); In re Nabors, 276 S.W.3d at 194; In re Kerst,
237 S.W.3d 441, 443 n.2 (Tex. App.—Texarkana 2007, orig. proceeding).  Therefore,
Section 15.064(b) of the Civil Practice and Remedies Code does not apply in
this cause.

            Under
Section 155.001(a) of the Texas Family Code, a trial court that renders a final
divorce decree acquires continuing, exclusive jurisdiction over the matters in
the decree affecting a child of the marriage.  Tex. Fam. Code Ann. § 155.001(a) (Vernon 2008); In re
Wheeler, 177 S.W.3d 350, 352 (Tex. App.—Houston [1st Dist.] 2005, orig.
proceeding); In re G.R.M., 45 S.W.3d 764, 766 (Tex. App.—Fort Worth
2001, orig. proceeding).  The court retains continuing, exclusive jurisdiction
over the child unless jurisdiction has been transferred under Sections 155.201-.207
of the Texas Family Code or an emergency exists.  Tex. Fam. Code Ann. §§ 155.001(c), 155.002, 155.201-.207
(Vernon 2008); In re Wheeler, 177 S.W.3d at 352; In re G.R.M., 45
S.W.3d at 766-67.  Section 155.201(b) provides for the mandatory transfer of a
suit to modify a divorce decree to another county upon a timely motion to
transfer venue “if the child has resided in the other county for six months or
longer.”  In re Cooper, 320 S.W.3d at 909.  Following a transfer of
venue, the transferee court “becomes the court of continuing, exclusive
jurisdiction and all proceedings in the suit are continued as if it were
brought there originally.” Section 155.206(a).

            In
this cause, the Upshur County district court acquired continuing, exclusive
jurisdiction over the matters in the divorce decree affecting Z.B.J. when it
rendered the final divorce decree.  Id. § 155.001(a).  The jury trial
occurred before the cause was transferred to Travis County.  Cooper effectively
allowed the jury trial to take place by failing to request the Texarkana Court
of Appeals to stay the proceedings in the Upshur County district court.  When
the cause was transferred to Travis County, the trial court became the court of
continuing, exclusive jurisdiction, and “all proceedings in the suit [were]
continued as if it were brought there originally.”  Id. § 155.206(a). 
The jury trial in Upshur County was a “proceeding,” and the jury’s verdict
arose from that “proceeding.”  Based on the language of Section 155.206(a), we
conclude that the trial court acquired the cause subject to the jury’s verdict. 
After a hearing, the trial court, which was in the county of proper venue,
concluded that the jury’s verdict was not invalidated by the transfer of venue
and that Johnston was entitled to judgment on the jury’s verdict.  No provision
in the Family Code required the trial court to nullify or invalidate the
verdict.  We conclude that the trial court did not err by entering a judgment
on the jury’s verdict.

            Cooper
also complains that the trial court erred by denying her motion for new trial. 
We review a trial court’s denial of a motion for new trial under an abuse of
discretion standard.  In re R.R., 209 S.W.3d 112, 114 (Tex. 2006).  Cooper
asserts that she was denied a fair trial in Upshur County because of her
inability to subpoena witnesses.  She also asserts that holding the trial in
Upshur County contravened legislative intent as expressed in the mandatory
venue provision requiring matters affecting the parent-child relationship to be
held in the county where the child resides because, generally, the current
circumstances affecting the child may be best proven in that county.  See
Cassidy v. Fuller, 568 S.W.2d 845, 847 (Tex. 1978).  In her amended motion
for new trial, Cooper named ten potential witnesses who resided in Travis
County.  However, Cooper did not provide any evidentiary support for her motion,
such as affidavits from the potential witnesses, showing what the testimony of
the witnesses might have been had they testified at trial.  Without this
evidence, the record does not show that the result of the jury trial might have
been different if the potential witnesses had testified.  Additionally, nothing
in the record shows that Cooper could not have presented testimony of witnesses
by deposition at the Uphsur County trial.  Finally, and perhaps most important,
Cooper did not request the Texarkana court to stay any proceedings in the
Upshur County district court when she filed her petition for writ of mandamus. 
In re Cooper, 320 S.W.3d at 908.  Instead, she allowed the jury trial to
proceed in Upshur County.  Cooper has not shown that she did not receive a fair
trial.  Based on the record, we cannot conclude that the trial court abused its
discretion by denying Cooper’s amended motion for new trial.     Cooper’s
appellate issue is overruled.




 

This
Court’s Ruling

            The judgment of the
trial court is affirmed.

 

                                                                              

                                                                                                ERIC
KALENAK

                                                                                                JUSTICE
                           

                                                                              

September 15,
2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.