**Opinion issued May 14, 2013**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-12-01134-CV

—————————————

## IN RE BIG MOUNTAIN TRADING CO., LLC D/B/A TURBO MECH INTERNATIONAL, GARY BATEMAN, SR. AND GARY BATEMAN, JR., Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

On December 14, 2012, relators, Big Mountain Trading Co., LLC d/b/a Turbo Mech International ("Turbo Mech"), Gary Bateman, Sr. and Gary Bateman, Jr., filed a petition for writ of mandamus, complaining that the trial court erred in denying their plea to the jurisdiction and plea in abatement, and requesting sanctions against the real party in interest, IMMI Turbines, Inc. ("IMMI"). IMMI

1

filed a response on June 7, 2012 and a supplemental response and request for sanctions against Turbo Mech on February 27, 2013.[1]

## Background

On August 15, 2011, Big Mountain Trading Co., LLC, d/b/a Turbo Mech International, filed a lawsuit in Montgomery County, alleging numerous causes of action against IMMI in connection with (1) a 2009 services contract in which IMMI agreed to inspect and service certain solar turbine engines that Turbo Mech was refurbishing for Dubai Petroleum Establishment as part of the Falah B Project, and (2) an exchange engine project.

On November 8, 2011, IMMI filed suit in Harris County against "Turbo Mech International, Inc.," its director and president (the Batemans), and others asserting, inter alia, claims for breach of contract arising out of Turbo Mech International, Inc.'s failure to pay IMMI for its work in connection with the Falah B project and other supply agreements.

On December 13, 2011, Relators filed a plea to the jurisdiction and verified plea in abatement. In their plea in abatement, Relators argued that IMMI had sued the wrong defendants in the Harris County suit. According to Relators, IMMI erroneously named "Turbo Mech International, Inc.," and the Batemans in their

---

[1]     The underlying case is Case No. 2011-67559, *IMMI Turbines, Inc. v. Big Mountain Trading Co., LLC d/b/a Turbo Mech International, et al*, pending in 80th District Court, Harris County, the Honorable Larry Weiman, presiding.

2

capacity as its director and president of that fictitious company when IMMI should have sued Big Mountain Trading Co., LLC, d/b/a Turbo Mech International. In their plea to the jurisdiction, Relators argued that the Harris County court lacked subject-matter jurisdiction over IMMI's petition because (1) the Montgomery County court had "exclusive and continuing jurisdiction" over the matter, (2) there was no justiciable issue before the Harris County court, and (3) there was a "question of who has standing to bring suit and who has capacity to be sued."

After conducting three evidentiary hearings, the trial court denied both pleas.[2] On December 14, 2012, Relators filed this petition for writ of mandamus asking the Court the dismiss the Harris County suit and order IMMI to bring its counterclaims in the Montgomery County suit or, alternatively, to abate the Harris County suit until such time as IMMI sues the correct parties.

On January 24, 2013, Turbo Mech amended its petition in the Montgomery County suit to remove any allegations or claims relating to the Falah B Project— which is the subject of the Harris County suit. IMMI amended its petition in the Harris County suit in February 2013 and added Big Mountain Trading Co., LLC, d/b/a Turbo Mech International as a defendant.

**Mandamus Standard**

The standard for the issuance of a writ of mandamus is well established.

---

[2] No transcripts from these hearings are included in the mandamus record.

3

Mandamus relief is appropriate only if a trial court abuses its discretion and no adequate appellate remedy exists. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (per curiam); *see also In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding) ("Mandamus should not issue to correct grievances that may be addressed by other remedies."). The relator bears the heavy burden of establishing his or her right to mandamus. *See In re CSX Corp.*, 124 S.W.3d at 151.

## 1. Relators have not established their right to mandamus relief

### a. Relators' Plea to the Jurisdiction

In their plea to the jurisdiction, Relators argued that the Harris County court lacked subject-matter jurisdiction over IMMI's petition because (1) the Montgomery County court had "exclusive and continuing jurisdiction" over the matter, (2) there was no justiciable issue before the Harris County court because IMMI and "Turbo Mech International, Inc." never had a business relationship, and in fact, "Turbo Mech International, Inc." dissolved before IMMI came into existence, and (3) the fact that IMMI was suing a company that (a) it had never done business with, and (b) that dissolved in 2007 and lost its corporate standing "beg[ged] the question of who has standing to bring suit and who has capacity to be sued."

4

Subject-matter jurisdiction refers to a court's power to hear a particular type of suit. *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996). Texas district courts are courts of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). A district court's subject-matter jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, and original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8; *see also* TEX. GOV'T CODE ANN. § 24.007 (West Supp. 2012) (granting jurisdiction to district courts as provided in Texas Constitution article V, section 8). A district court may hear any case "that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." TEX. GOV'T CODE ANN. § 24.008 (West 2004). Courts of general jurisdiction are presumed to have subject-matter jurisdiction unless a showing can be made to the contrary. *Dubai*, 12 S.W.3d at 75. Thus, the Harris County and the Montgomery County district courts each had subject-matter jurisdiction over their respective civil business suits.

Contrary to Relators' characterization of this case, neither court had *exclusive* subject-matter jurisdiction; each had *concurrent* subject-matter jurisdiction. Thus, the question presented by the Harris County and Montgomery County suits is one of *dominant jurisdiction*, not "exclusive and continuing

5

jurisdiction." As a general rule, when cases involving the same subject matter and same parties are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated. *See Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *see also Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001). To contest a court's lack of dominant jurisdiction requires the filing of a plea in abatement, not a plea to the jurisdiction. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) (orig. proceeding).

Accordingly, Relators' first issue was required to have been raised as part of their plea of abatement. Further, Relators second and third issues are variations of the argument raised in their plea of abatement (i.e., IMMI sued the wrong "Turbo Mech International"). Accordingly, we will address the issues raised in Realtors' "plea to the jurisdiction" as part of their plea of abatement.

### b. Relators' Plea of Abatement

Generally, mandamus is not available to control the incidental rulings of a trial court, such as rulings on pleas in abatement. *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985); *see also Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex. 1991) (orig. proceeding) ("Absent extraordinary circumstances not present here, a denial of a motion to dismiss or a plea in abatement is a ruling incident to the ordinary trial process which will *not* be corrected by mandamus, but by the legal remedy of the ordinary appellate process.").

Remedy by mandamus, however, is available to resolve a conflict in jurisdiction between courts of coordinate jurisdiction when the trial court first taking jurisdiction has been stopped from proceeding (e.g. when the second court enjoins the parties from taking any more action in the first court). *See Abor*, 695 S.W.2d at 567. As the Harris County trial court has not prohibited another court from proceeding, mandamus is not an appropriate remedy in this case. *See id.* Because the Harris and Montgomery County courts are not directly interfering with each other, Relators have an adequate remedy by appeal. *See In re Ramsey*, 28 S.W.3d 58, 63–64 (Tex. App.—Texarkana 2000, orig. proceeding).

With respect to their other issues, Relators have not shown that IMMI's erroneous naming of "Turbo Mech International, Inc." as a defendant in the Harris County suit constitutes the type of "extraordinary circumstances" which would entitle them to mandamus relief.

## 2. Sanctions

Both Relators and IMMI have asked this Court to sanction the other. Texas Rule of Appellate Procedure 52.11(a) authorizes the imposition of sanctions against party or attorney who is not acting in good faith as indicated by, inter alia, the "filing a petition that is clearly groundless." TEX. R. APP. P. 52.11(a). "An appellate court should exercise the discretion afforded by Rule 52.11 with caution and only after careful deliberation." *In re Cooper*, 320 S.W.3d 905, 911 (Tex.

App.—Texarkana 2010, orig. proceeding); *see also In re Lerma*, 144 S.W.3d 21, 26 (Tex. App.—El Paso 2004, orig. proceeding).

### a. Relators' Request for Sanctions

Relators contend that IMMI relied upon "Turbo Mech International, Inc." in "a fraudulent attempt to convey jurisdiction on a Harris County court," and they are requesting "reasonable and necessary attorney's fees for the filing of the plea to the jurisdiction as sanctions for IMMI's filing of a frivolous lawsuit."[3] Notably, Relators' own documents filed in this mandamus indicate that the proper party to IMMI's Harris County suit—Turbo Mech—has its principal office in Houston, Texas. In light of this information, we disagree that IMMI's suit is "frivolous" and, we decline to exercise our discretion to impose sanctions against IMMI.

### b. IMMI's Request for Sanctions

In its supplemental response, IMMI argues that Turbo Mech's recent admission that the Montgomery County and Harris County suits are separate and independent demonstrates that Turbo Mech's petition for mandamus is clearly groundless and IMMI asks this Court to "impose appropriate sanctions" on this basis. *See* TEX. R. APP. P. 52.11(a) (authorizing imposition of sanctions against party or attorney "for filing a petition that is clearly groundless"). IMMI, however, previously acknowledged in its initial response that at the time Turbo Mech filed

---

[3]  This is the extent of Relators' sanctions argument. They have provided no citations to authority or any meaningful discussion or analysis of the issue.

its pleas and its mandamus, Turbo Mech was asserting claims associated with the Falah B project in its Montgomery County suit. As such, the facts in this case do not warrant the imposition of sanctions and we decline to exercise our discretion to impose sanctions against Relators.

## Conclusion

The petition for writ of mandamus and both requests for sanctions are **denied**.

## PER CURIAM

Panel consists of Justices Keyes, Sharp, and Huddle.

Justice Huddle, concurring in judgment only.